# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3401 | **DATE** | 1/20/2011 |
| **CASE TITLE** | Malkoc vs. Dorner et al | | |

**DOCKET ENTRY TEXT**

Status hearing held. For the reasons stated, the Court grants [13] Dorner's and Lawrence's Motion to Dismiss.

■[ For further details see text below.]    Docketing to mail notices.

00:08

## STATEMENT

Plaintiff Sasha Malkoc ("Malkoc") filed an Amended Complaint against Irene Dorner ("Dorner"), Paul Lawrence ("Lawrence"), HSBC Mortgage Corporation ("HSBC"), and the Law Offices of Codilis and Associates ("Codilis") (together "Defendants"). Dorner and Lawrence move to dismiss. For the following reasons, the Court grants Dorner's and Lawrence's Motion to Dismiss.

Malkoc filed his initial Complaint *pro se* on June 3, 2010 and Dorner and Lawrence moved to dismiss on July 30, 2010. Malkoc filed an Amended Complaint on August 23, 2010. On September 1, 2010, the Court appointed counsel to represent Malkoc, staying the Motion to Dismiss. On September 22, 2010, Malkoc, though his appointed counsel, voluntarily withdrew his Complaint and his Amended Complaint, rendering Dorner and Lawrence's Motion to Dismiss moot.

On November 22, 2010, appointed counsel for Malkoc appeared before the Court and stated that after reviewing this Court's files as well as the state court's foreclosure files from which this case emanates, he does not believe a good faith claim can be pursued in this Court. Malkoc disagreed with this assessment and Malkoc's appointed attorney withdrew from the case. Malkoc subsequently reinstated his Amended Complaint (also labeled a Temporary Restraining Order) *pro se* and the Court revived Dorner and Lawrence's Motion to Dismiss.

Here, Malkoc's 100 page Amended Complaint fails to provide a short and plain statement of the claim, in violation of Rule 8. Nonetheless, the Court liberally construes Malkoc's Amended Complaint as raising federal claims stemming from his June 2008 mortgage, which predates the injury he is suffering due to the foreclosure action against him in state court. *See Long v. Shorebank*, 182 F.3d 548, 556 (7th Cir. 1999) (*Rooker-Feldman* inapplicable to injuries that precede the state court judgment). Malkoc alleges federal question jurisdiction

pursuant to the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), the Fair Credit Reporting Act, 15 U.S.C. § 1601 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) ("FDCPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), Mail and Wire Fraud, 18 U.S.C. § 1341, RICO, 18 U.S.C. § 1961, Deprivation of Civil Rights 42 U.S.C. § 1983, Obstruction of Justice 42 U.S.C. § 1985, and the Fourteenth Amendment to the U.S. Constitution.

Malkoc's TILA claim fails because only a creditor may be liable under TILA. *See* 15 U.S.C. § 1640(a). Here, Malkoc claims in his Amended Complaint that he is the creditor and that HSBC is the debtor. (Am. Compl. at 2.) Moreover, Malkoc does not allege that Dorner and Lawrence are creditors. Therefore, accepting the facts alleged in Malkoc's Amended Complaint as true—that Malkoc is the creditor—Malkoc's TILA claim is not properly before the Court.

Malkoc's FCRA claim fails because the FCRA only imposes certain duties on consumer reporting agencies. *See* 15 U.S.C. § 1681(b). Malkoc fails to present any facts or evidence in support of a claim that Dorner, Lawrence, or any of the other Defendants, are consumer reporting agencies. Therefore, Malkoc's FCRA claim is not properly before the Court. Similarly, Malkoc's FDCPA claim fails because the FDCPA only imposes liabilities on debt collectors and Malkoc does not allege in his Amended Complaint that Dorner, Lawrence, or any of the other Defendants are debt collectors. *See* 15 U.S.C. § 1692k(a).

Malkoc's RESPA claim fails because RESPA is a consumer protection statute that requires a "qualified written request" to trigger the loan servicer's duties to provide a borrower with information. *See* 12 U.S.C. § 2605; *Catalan v. GMAC Mortgage Corp.*, --- F.3d ----, 2011 WL 61627 at *1 (7th Cir. Jan. 10, 2011). Here, Malkoc does not present any evidence in his Amended Complaint that he submitted a "qualified written request" to Defendants or that Dorner and Lawrence are "loan servicers." *See, e.g., Khan v. GMAC Mortgage, LLC*, 2010 WL 2635095 at *3 (E.D. Cal. June 30, 2010) (dismissing RESPA claim where defendants not alleged to be loan servicers).

Malkoc's mail and wire fraud claim fails because there is no private right of action for mail and wire fraud. *See, e.g., Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (finding no congressional intent to create a private right of action for mail or wire fraud). Malkoc's related RICO claim fails because he does not plead a "pattern" of racketeering activity. While 18 U.S.C. § 1961(5) defines a pattern as consisting of at least two predicate acts within a ten-year period, courts require plaintiffs to fulfill the "continuity plus relationship" test: the predicate acts must be related to each other and pose a threat of continued criminal activity. *See Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016 (7th Cir. 1992). Here, taking his Amended Complaint in the most favorable light, Malkoc alleges that Defendants engaged in a scheme to victimize him, but he does not put forth evidence of a pattern of activity. Moreover, Malkoc fails to plead his RICO fraud claims with particularity. Fed. R. Civ. P. 9(b); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Malkoc's Amended Complaint is nearly devoid of any relevant details or facts and falls far short of pleading a RICO claim for fraud with the requisite particularity.

Malkoc's 1983 claim fails because he does not allege that any of the Defendants are state actors or that they collaborated with state officials. *See, e.g., Mosley v. McDonald's Corp.*, 2006 WL 4541872 at *2 (Dec. 6, 2006) (Filip, J.) (1983 claims dismissed where plaintiff failed to suggest a corporation was a state actor or collaborated with state officials). Malkoc's 1985 civil conspiracy claim fails because a 1985 claim "must show some racial, or otherwise class-based, invidiously discriminatory animus behind the conspirator's actions." *Green v. Benden*, 281 F.3d 661 (7th Cir. 2002). Malkoc's Amended Complaint does not allege discriminatory animus.

|**STATEMENT**|
|---|

    Malkoc's Fourteenth Amendment equal protection and/or due process claims fail because both claims require the deprivation of a property interest. *See Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004). Here, Malkoc has not alleged the deprivation of a property interest because he has not presented evidence that the foreclosure case against him in state court has been terminated. *See, e.g., Gregory v. TCF Bank*, 2009 WL 4823907 at *3 (N.D. Ill. Dec. 10, 2009) (Zagel, J.) (no deprivation of a property interest where foreclosure case still pending).

    Finally, even if the Court were to construe Malkoc's Amended Complaint as a Temporary Restraining Order, that would fail as well because Malkoc has not provided the Court with any of his loan documents and has not demonstrated irreparable injury that could not be remedied by an award of damages. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984); *see, e.g., Sky Star Moon & Universe Trust v. HSBC Bank USA*, 2010 WL 1904658 at *4 (D. Idaho May 11, 2010) (Lodge, J.) (court denied issuance of temporary restraining order where loan documents not included in complaint and state court foreclosure case was still pending).

    For the reasons stated, the Court grants Dorner's and Lawrence's Motion to Dismiss.